IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD LEE HATCHER, ) | |
| AIS #153577, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-226-TMH |
| ) | |
| WILLIAM WYNNE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Ronald Lee Hatcher ["Hatcher"], an indigent inmate, on April 9, 2013.[1] In this complaint, Hatcher alleges the defendants violated his constitutional rights in the parole consideration process. Specifically, Hatcher complains that members of the Alabama Board of Pardons and Paroles denied him parole based on false information and deprived him of equal protection by granting parole to a similarly situated inmate. *Compl. - Doc. No. 1* at 5. Hatcher seeks declaratory and injunctive relief, monetary damages and expungement of the

---

[1] Although the Clerk of this court stamped the complaint "received" on April 10, 2013, Hatcher executed the complaint on April 9, 2013. *Compl. - Doc. No. 1* at 4. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Hatcher] signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers April 9, 2013 as the date of filing.

alleged false information from his files. *Id*. at 7.

Upon review of the complaint, the court concludes that: (1) The claim for monetary damages is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii); (2) Those claims arising from decisions/actions which occurred on or before April 8, 2011 warrant dismissal as untimely pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i); and (3) The discrimination claim is due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## II. DISCUSSION

### A. The Request for Damages

Hatcher seeks monetary damages from the defendants regarding decisions to deny him parole issued from 1998 until 2013. Hatcher, however, is not entitled to monetary damages for the claims made the basis of the complaint as the Eleventh Circuit has long recognized that parole board officials are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. *Fuller v. Georgia State Bd. of Pardons & Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101-02 (5th Cir. 1974).

The claims on which Hatcher seeks relief relate to adverse decisions issued by

---

[2] The court granted Hatcher leave to proceed *in forma pauperis*. *Order of February 17, 2013 - Doc. No. 3*. This case is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a case prior to service of process if it determines that the claims contained in the complaint are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

members of the Alabama Board of Pardons and Paroles. Under these circumstances, the actions of parole officials are inextricably intertwined with their decision-making authority and they are therefore absolutely immune from damages. Consequently, Hatcher's claim for monetary damages is due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

### B. Denials of Parole Outside the Two-Year Period of Limitation

Hatcher complains that the defendants have used "false, erroneous, and prejudicial information [to deny him parole] during the six (6) times that Plaintiff has been up for parole consideration." *Compl. - Doc. No. 1* at 6. He asserts that these alleged unconstitutional actions began in August of 1998 and have continued until the most recent denial of parole on February 27, 2013. It is clear from the face of the complaint that any claims relative to denials of parole issued on or before April 8, 2011 are barred by the statute of limitations applicable to actions filed by an inmate in this court under 42 U.S.C. § 1983.

> All constitutional claims brought [by an inmate] under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

In the complaint, Hatcher references parole consideration proceedings and adverse

decisions that transpired prior to April 9, 2011. The tolling provision of *Ala. Code* § 6-2-8(a) is inapplicable.[3] Thus, the statute of limitations with respect to actions which occurred on or before April 8, 2011 expired prior to Hatcher filing the instant complaint.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners

---

[3] If an individual who seeks to commence a civil action "is, at the time the right accrues . . . insane" the running of the limitation period is tolled until "termination of the disability . . . ." not to exceed "20 years from the time the claim or right accrued." *Ala. Code* § 6-2-8(a).

> (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts presented in the complaint, Hatcher has no legal basis on which to proceed with respect to parole decisions issued prior to April 9, 2011 as he filed this cause of action two or more years after any such decision. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Hatcher's challenges to the parole consideration process and/or denials of parole which occurred on or before April 8, 2011 are barred by the applicable statute of limitations. The aforementioned claims are therefore subject to dismissal as frivolous pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[4]

### C. The Discrimination Claim

Hatcher alleges "he's being discriminated against [due to] being treated differently than another similarly situated inmate . . . . [A]n HIV inmate from the same HIV unit where Plaintiff is housed . . . serving a LIFE sentence same as Plaintiff and has a Rape offense same as Plaintiff." *Compl. - Doc. No. 1* at 7.[5] This claim provides no basis for relief.

---

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

[5] A search of correctional records indicates that Hatcher and the alleged similarly situated inmate are both African American.

In order to present a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; **and** (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006) (emphasis added). "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact . . . . [An allegation] of . . . discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where the plaintiff challenges actions of parole officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). The mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E*

*& T Realty Co. v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment or even arbitrary administration of state power are insufficient to establish discrimination violative of equal protection).

For purposes of this Recommendation, the court assumes *arguendo* that the inmate granted parole is similarly situated to Hatcher with respect to the limited comparative characteristics identified by Hatcher.[6] Nevertheless, Hatcher has failed to set forth a viable equal protection claim as he does not allege the defendants subjected him to adverse treatment based on some constitutionally impermissible reason; instead, Hatcher simply makes a purely conclusory assertion that the differential treatment constituted an equal protection violation. Specifically, Hatcher relies exclusively on the assertion that another HIV inmate with a similar offense and sentence has been granted parole while he has been denied parole. Under well established law as cited herein, the mere differential treatment alleged by Hatcher does not implicate a violation of the Equal Protection Clause. *Sweet*, 467 F.3d at 1319; *E & T Realty*, 830 F.2d at 1114-15; *Horner v. Kentucky High Sch. Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994). Consequently, the equal protection claim presented by Hatcher is due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[6] Hatcher specifies only a few characteristics shared with the other inmate which are relevant to the parole consideration process. The court notes that the complaint is devoid of information regarding the prison behavior records of Hatcher and the other inmate, the offense histories of these inmates and the facts surrounding their convictions for rape.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The request for monetary damages be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) as the defendants are entitled to immunity from such damages.

2. The claims arising from actions/decisions which occurred on or before April 8, 2011 be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) due to the plaintiff's failure to file the complaint within the time prescribed by the applicable period of limitation.

3. The discrimination claim be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) because the mere differential treatment of inmates does not violate the Constitution.

It is further

ORDERED that on or before **May 1, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 17th day of April, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE